Wakeman v. Newton.

## WAKEMAN vs. NEWTON & CRAWFORD.

In an action on a bond given to relieve from arrest a ship or vessel proceeded against under the statute, the plaintiff is bound not only to *state* his demand in his declaration, but to *prove* it on the trial of the cause, notwithstanding that the defendant pleads no other pleas than *non est factum* and *general performance;* it is not enough that he establish his claim before the commissioner granting the process.

A plea of *performance*, whether *general* or *special*, of the obligations specified in the condition of the bond, is an inappropriate plea in an action on such bond; and *it seems* would be the subject of demurrer ; when, however, the plaintiff takes issue upon a plea of *general performance* by replying generally, denying the performance, the plea will be regarded as setting up a *special performance*, and the defendant will be allowed to give any evidence tending to show that the plaintiff is not entitled to recover.

PROCEEDINGS against ships and vessels. A vessel called *The Tompkins* of Tioga, had been seized under a warrant issued upon the application of the plaintiff by a supreme court commissioner, by virtue of the act authorizing *proceedings for the collection of demands against ships and vessels,* 2 R. S. 492. *Newton*, one of the defendants—applied to the commissioner for the discharge of the warrant, and accordingly, with *Crawford* as his surety, entered into a bond to the plaintiff in the penal sum of $200, conditioned that he would well and truly pay the amount of all such claims and demands as should have been exhibited before the commissioner, which should be established to have been subsisting liens upon the vessel, pursuant to the provisions of the act entitled, &c. Upon this bond, a suit was commenced, and the plaintiff in his declaration, after setting forth the bond and the condition thereof, averred that previous to the execution of the bond, he was the owner of a wharf at Caldwell's Landing, in the county of Rockland, that the *Tompkins* was brought to his wharf, and occupied it from first May, 1835 to 13th October, 1836, and that for such *wharfage* and for his services in taking charge of the vessel, he was reasonably entitled to $93, which he averred to be the same claim exhibited by him to the commissioner on his application for the warrant, and was a subsisting lien.

That the vessel was removed from his wharf without his knowledge leaving his demand unpaid, and that he thereupon applied to the commissioner for the warrant pursuant to the statute, setting forth all the subsequent proceedings down to the execution of the bond and the discharge of the warrant by the commissioner. He then averred that the bond was delivered to him to be prosecuted, and by way of breach alleged that the defendants had not paid his said demand, which he alleged was a subsisting lien, whereby an action had accrued to him to demand and have, &c. concluding in the usual form. The defendants pleaded, 1. *Non est factum;* and 2. *General performance* by keeping, fulfilling and performing all and singular the clauses and agreements *in the condition of the said writing obligatory specified.* To which second plea the plaintiff put in a replication *denying performance;* and upon the issues thus joined the parties went to trial.

The cause was tried at the Orange circuit in April, 1838, before the Hon. CHARLES H. RUGGLES, one of the circuit judges. The counsel for the plaintiff read the bond in evidence and rested. The counsel for the defendant moved for a *nonsuit,* insisting that it was incumbent upon the plaintiff to prove his demand and the amount to which he was entitled; which motion was overruled. The counsel for the defendant then insisted that as the case then stood, the plaintiff was entitled to recover only *nominal damages.* The judge ruled that the defendants' pleas *admitted* the plaintiff's damages to the amount claimed in the declaration, The defendants' counsel offered to prove that the defendant Newton had paid all claims which were exhibited to the commissioner, and were subsisting liens upon the vessel at the time of such exhibition; but the judge ruled that under the state of the pleadings, the defendants could only prove *payment* in whole or in part of such claims as were mentioned in the declaration. The defendants then proved the payment of $30, to the plaintiff, in full of all charges on the vessel, until the spring of 1836, and offered to prove that the amount thus paid was as much as the plaintiff deserved for the wharfage, and for the services bestowed by him;

but the judge refused to receive the evidence, and the jury, under his charge, found a verdict for the plaintiff, for $69 61. The defendant moves for a new trial.

*G. C. Goddard*, for the defendants.

*C. Storms*, for the plaintiff.

*By the Court*, NELSON, Ch. J.  The legal effect of the condition of the bond can be understood only by a reference to some of the sections of the statute under which it is given. The statute, 2 R. S. 493, § 1, sub. 3, makes every debt amounting to $50, or upwards, contracted by the master, owner or agent of any ship or vessel within the state, on account of *wharfage*, and the expense of keeping her in port, including the expense incurred in employing persons to watch her, a lien upon the ship or vessel, her tackle, &c. Provision is then made for seizing her under an attachment, and also for discharging her from the same by giving the bond.  By § 16, the attaching creditor in a suit upon the bond shall state in the declaration his demand, alleging the work done, or expenses incurred, as the case may be, at the request of the master, &c., averring that the claim therefore was a subsisting lien on such vessel, at the time of the exhibition thereof before the officer, and shall assign as a breach of the condition of the bond, the non-payment of the claim : to which declaration and to such assignment of breaches by § 17, the defendant may plead as in other actions of debt on bond.  From these provisions the legal effect of the condition appears obvious enough—it is that the obligors shall pay all such claims and demands as have been exhibited before the officer issuing the attachment, and which shall be proved to be subsisting liens upon the vessel within the meaning of the statute.  The condition contemplates a suit on the bond, and the establishment of the *lien* by *evidence at the trial*.  The counsel for the plaintiff seems to suppose it enough, to establish the lien before the officer, but this is clearly a mistake : the object of allowing the bond is to enable the defendant to litigate the claim.

The plea of *general performance* must, I think, be considered inappropriate, as a full compliance with the condition is impossible, till the amount of the *lien* is fixed by the verdict or judgment; and, for the same reason, I do not perceive how a *special performance* can consistently be pleaded. The plaintiff, however, instead of demurring, has replied in as general terms as the plea, taking issue; and the question is, as to the effect of this issue in respect to the proof necessary, or admissible, to maintain or defend it. Pleading a general performance, where a special one is the appropriate plea, is but matter of form, and the objection available only on special demurrer. Cro. Eliz. 233. 5 Bacon, 464. So where this plea of general performance is put in, the plaintiff, instead of replying generally as is done here, should specify a particular breach, or breaches. 1 Saund. 117, n. 1. 2 id. 410, n. 3. 2 id. 482, n. 1 Chitty's Pl. 556, 515. Now, if we are to regard this plea as equivalent to a plea of special performance, which we must according to the cases and as answering fully the condition of the bond, then as the replication does nothing more than negative the performance, I do not perceive why the defendants should not be permitted to introduce any evidence that might tend to establish it; they may controvert the existence, or amount of the lien—or show payment of whatever sum is proved—as each view tends directly to sustain the plea, or in other words, a keeping of their covenant. The counsel for the plaintiff and the judge at the circuit, have gone upon the idea that the plea set up a performance of the several matters contained *in the declaration,* and tried the issue upon that view of the case; but this is not the language nor legal effect of it, nor is it the meaning or effect of pleas of performance, generally, 2 Chitty's Pl. 282, n. *x.* The plea is generally in the words of the condition of the bond. Id; 2. Saund. 404; *Lord Arlington* v. *Merricke,* 410, n. 3. The defendants are bound to fulfil their covenant. The plaintiff sets out what he considers a breach and claims a debt or damages; the defendants answer that they have kept their covenant, and regularly the plaintiff should in such case reply a specific breach or

breaches, which would bring the pleadings to distinct points, 1 Chitty's Pl. 515, 556, 620 ; but here he has replied taking issue generally upon performance, thereby leaving his declaration, and putting the issue upon performance or not. The defendants held the affirmative; and it appears to me quite clear that any evidence tending to prove it, must be admissible,

The case, as it stands upon these irregular pleadings, is not unlike the issue formed by a plea of *non infregit conventionem* : which denies the breaches and puts in issue all such matters as show that the covenant is not broken, or that the defendant was never, under an obligation to fulfil the one declared on, 7 Cow. 71 ; or like the case of a general replication to a plea of *non damnificatus*, which would be no more irregular than the one in this case, and where any evidence tending to disprove loss or damage by the plaintiff would be pertinent,

There must be a new trial ; costs to abide event,